# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2019 MAR -6 PM 6: 20

U.S. DISTRICT COURT
SOUTHERN DIST OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.** ___ **1 19 CR 024** |
| **Plaintiff,** | |
| | **JUDGE J. BARRETT** |
| **v.** | |
| | **INDICTMENT** |
| **LORIN KAY BUCKNER,** | |
| **JOEL HARVEY,** | **18 U. S. C. § 2** |
| **GARRETT STEVENSON,** | **18 U. S. C. § 157** |
| **DAMIEN BYRD,** | **18 U. S. C. § 1028A** |
| **DESSALINES SEALY,** | **18 U. S. C. § 1341** |
| a/k/a "Dess," | **18 U. S. C. § 1343** |
| **STACY KAY SLAUGHTER,** | **18 U. S. C. § 1344** |
| **MARCUS A. MULLINGS, JR.,** | **18 U. S. C. § 1349** |
| **TALIA MARIE STEPHEN-MULLINGS,** | |
| a/k/a "Marie Hightower," | **FORFEITURE ALLEGATIONS** |
| **AMAL MAHEPAUL BALMACOON,** | |
| a/k/a "Martin," | |
| **JOHN NELSON,** | |
| **RAFIQ BASHIR,** | |
| **MVP HOME SOLUTIONS, LLC,** | |
| a/k/a "Stay In or Walk Away," | |
| **BOLDEN PINNACLE GROUP CORP.,** | |
| a/k/a "Home Advisory Services Network," | |
| a/k/a "Home Advisory Services Group | |
| Inc.," and | |
| **SILVERSTEIN & WOLF CORP.,** | |
| **Defendants.** | |

**THE GRAND JURY CHARGES:**

## I.     INTRODUCTION

At the specified times and at all times material to the Indictment:

<u>Relevant Individuals and Entities</u>

1.  Defendant **LORIN K. BUCKNER**, a Southern District of Ohio resident, served as an

    affiliate of **MVP HOME SOLUTIONS, LLC, a/k/a "Stay In or Walk Away,"**

(hereinafter "MVP HOME SOLUTIONS, LLC") and **BOLDEN PINNACLE GROUP CORP., a/k/a Home Advisory Services Network, a/k/a Home Advisory Services Group Inc. (hereinafter "BOLDEN PINNACLE GROUP CORP.")** and as such was responsible for recruiting homeowners to the defendant entities in exchange for commissions. In such capacity, **BUCKNER** recruited clients, had them sign contracts with **MVP HOME SOLUTIONS, LLC** and **BOLDEN PINNACLE GROUP CORP.**, and forwarded contracts to the entities. **BUCKNER** also owned and operated Phoenix Consultants (a/k/a Phoenix Consulting), an Ohio corporation, registered at 10921 Reed Hartman Hwy 237, Cincinnati, OH as well as Preferred Home Solutions NM, LLC, an Ohio corporation, registered at 8216 Princeton-Glendale Rd. #243, West Chester OH 45069, which purport to provide real estate solutions, credit repair, debt relief, and foreclosure assistance to distressed consumers.

2. Defendant **JOEL P. HARVEY**, a Southern District of Ohio resident, also served as an affiliate of **MVP HOME SOLUTIONS, LLC,** and **BOLDEN PINNACLE GROUP CORP. HARVEY** worked with **BUCKNER** as part of Phoenix Consultants a/k/a Phoenix Consulting and Preferred Home Solutions NM, LLC.

3. Defendant **GARRETT STEVENSON**, a Southern District of Ohio resident, owned and operated Home Rescue Team, LLC, a/k/a HRT Consulting, an Ohio corporation, registered at 407 Vince Street, Suite 115, Cincinnati, Ohio 45202 as well as Equity Max Network, LLC, an Ohio corporation, registered at 557 West Liberty St., Suite 101, Cincinnati OH 45214. **STEVENSON** along with **BUCKNER** and **HARVEY** jointly produced and disseminated marketing materials in the name of entities Phoenix Consulting, HRT Consulting, Home Rescue Team, and Equity Max Network to homeowners in the Southern

District of Ohio and elsewhere.

4. Defendant **DAMIEN BYRD**, a Virginia resident, worked together with **BUCKNER, HARVEY,** and **STEVENSON**, reviewing marketing materials directed at homeowners in the Southern District of Ohio and elsewhere, as well as soliciting clients in his own capacity in Virginia and elsewhere through fictitious entities, including Byrd & Associates and the Foreclosure Prevention Group.

5. Defendant **STACY KAY SLAUGHTER**, a Southern District of Ohio resident, first served as the Regional Sales Director of **MVP HOME SOLUTIONS, LLC** and later as a Manager at **BOLDEN PINNACLE GROUP CORP.**, and in such capacities participated in the management and operations of both entities. Slaughter also solicited clients and provided services, operating under Companion Properties Group LLC, 947 E Johnstown Rd, #162, Gahanna, OH 43230.

6. Defendant **DESSALINES SEALY, a/k/a "Dess,"** a New York resident, first served as the National Sales Director of **MVP HOME SOLUTIONS, LLC,** and later as a Manager at **BOLDEN PINNACLE GROUP CORP.**, and in such capacities participated in the management and operations of both entities. **SEALY** also solicited clients and provided services, operating under the New York sole proprietorship, Free, Calm & Growing.

7. Defendant **RAFIQ BASHIR**, a Florida resident, served as the National Affiliate Director and National Marketing Director of **MVP HOME SOLUTIONS, LLC,** and later as a Manager at **BOLDEN PINNACLE CORP.**, and in such capacities participated in the management and operations of both entities.

8. Defendant **MARCUS A. MULLINGS, JR.**, a New Jersey resident, served as Founder, Chief Executive Officer and Acquisition Director of **MVP HOME SOLUTIONS, LLC,**

and in such capacity has controlled, directed and participated in the management and operations of **MVP HOME SOLUTIONS, LLC**.

9. Defendant **TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower,"** a New Jersey resident, served as managing member of **MVP HOME SOLUTIONS, LLC,** and in such capacity has controlled, directed and participated in the management and operations of **MVP HOME SOLUTIONS, LLC**.

10. Defendant **AMAL MAHEPAUL BALMACOON, a/k/a "Martin,"** a New York resident, served as Chief Executive Officer and sole shareholder of **BOLDEN PINNACLE CORP.** and **SILVERSTEIN & WOLF CORP.** In such capacity, he has controlled, directed and participated in the management and operations of **BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF CORP.**

11. Defendant **JOHN NELSON**, a New York resident, served as "Chief Counsel," "Director of Litigation," "Assistant to General Counsel," and paralegal of **BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF CORP.** In such capacity, he has participated in the management and operations of **BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF**.

12. Defendant **MVP HOME SOLUTIONS, LLC,** a New Jersey Corporation, conducted a foreclosure rescue business for distressed homeowners through a nationwide network of sales directors, managers, and agents, including through Southern District of Ohio residents **BUCKNER, HARVEY**, and **SLAUGHTER**.

13. Defendant **SILVERSTEIN & WOLF CORP.**, a New York corporation, conducted a foreclosure rescue and real estate investment business. From December 2013 to April 2014, **SILVERSTEIN & WOLF CORP.** contracted with **MVP HOME SOLUTIONS,**

**LLC** to stay foreclosure sales for MVP clients. Following termination of the consulting

agreement with **MVP HOME SOLUTIONS, LLC, SILVERSTEIN & WOLF CORP.**

served as the "real estate acquisition" side of **BOLDEN PINNACLE GROUP CORP.**

14. Defendant **BOLDEN PINNACLE GROUP CORP.**, a New York corporation, conducted

a foreclosure rescue business for distressed homeowners through a nationwide network of

sales directors, managers, and agents, including through Southern District of Ohio residents

**BUCKNER, HARVEY**, and **SLAUGHTER.**

### The Scheme and Artifice to Defraud

15. From in or about January 2013 through at least 2018, defendants **LORIN KAY**

**BUCKNER, JOEL HARVEY, GARRETT STEVENSON, DAMIEN BYRD,**

**DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A.**

**MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie**

**Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "Martin," JOHN**

**NELSON, RAFIQ BASHIR, MVP HOME SOLUTIONS, LLC, a/k/a "Stay In or**

**Walk Away," BOLDEN PINNACLE GROUP CORP., a/k/a "Home Advisory**

**Services Network" a/k/a "Home Advisory Services Group Inc.," and SILVERSTEIN**

**& WOLF CORP. (hereinafter referred to collectively as "the defendants")**, engaged

in a nationwide scheme to defraud distressed homeowners by falsely representing that they

could help the homeowners save their homes. In truth and in fact, the defendants took

advantage of the homeowners' desperation to save their homes and used monies received

from the victim homeowners to pay others known and unknown to the Grand Jury and

personally enrich themselves.

16. As a result of the defendants' scheme, victims nationwide, including over 50 victims in the

Southern District of Ohio, lost thousands of dollars and their homes.

**COUNT 1**
**(Conspiracy to Commit Mail & Wire Fraud)**

17. Paragraphs 1 through 16 of the Indictment are realleged as if fully restated herein.

18. Beginning in or about January 2013, and continuing through at least 2018, in the Southern District of Ohio, and elsewhere, the defendants conspired with each other and others, both known and unknown to the Grand Jury, to commit the following offenses:

   a. mail fraud, that is, to devise and intend to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and material omissions, and for the purpose of executing the scheme, using or causing another to use the mail, in violation of 18 U.S.C. § 1341.

   b. wire fraud, that is, to devise and intend to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and material omissions, and for the purpose of executing the scheme, using wire communications in interstate commerce, in violation of 18 U.S.C. § 1343.

**Purpose and Object of the Conspiracy**

19. The purpose and object of the conspiracy was for the defendants, to obtain money and property from distressed consumers by means of materially false and fraudulent pretenses, representations, promises, and omissions.

**Manner and Means**

The manner and means by which defendants, and others known and unknown to the Grand

6

Jury, sought to accomplish the object of the conspiracy, included the following:

20. Defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "Martin," JOHN NELSON,** and **RAFIQ BASHIR,** operated a multilevel marketing scheme through entities **MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.,** and **SILVERSTEIN & WOLF CORP.,** and others known and unknown to the Grand Jury, by representing to affiliates that they could earn commissions by recruiting distressed homeowners to **MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.,** and **SILVERSTEIN & WOLF CORP.**

21. Defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "Martin," JOHN NELSON, RAFIQ BASHIR, MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.,** and **SILVERSTEIN & WOLF CORP.** used multiple ways to recruit affiliates and promote their services to distressed homeowners, including conference calls, direct mailings, and electronic media.

22. For example, **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "Martin," JOHN NELSON, RAFIQ BASHIR, MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.,** and **SILVERSTEIN & WOLF CORP.** hosted weekly conference calls where participants from across the country dialed in to hear details of the

scheme from defendants **BASHIR, SEALY, SLAUGHTER, BALMACOON, NELSON**, and others known and unknown to the Grand Jury. During the calls, participants shared sales strategies and encouraged affiliates to recruit homeowners to **MVP HOME SOLUTIONS, LLC** and **BOLDEN PINNACLE GROUP CORP.**, based on the promise of easy money.

23. Defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "MARTIN,"** and others known and unknown to the Grand Jury, also promoted, organized and attended conferences, meetings, and other events where affiliates came to hear details of the scheme in person. For example, in April 2015, defendants **SLAUGHTER, NELSON, BALMACOON** and others known and unknown to the Grand Jury, organized and participated in a national conference for affiliates held in Columbus, Ohio in which they provided "deep impact training" and a role-play session to bolster affiliates sales techniques to convince homeowners to enroll in **BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF CORP.**

24. Defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," JOHN NELSON, RAFIQ BASHIR, AMAL MAHEPAUL BALMACOON, a/k/a "MARTIN," MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.**, and **SILVERSTEIN & WOLF CORP.**, encouraged affiliates to be aggressive in recruiting homeowners. For example, in one "MVP-Generating Weekly Sales Booklet" which lists **DESSALINES SEALY**'s contact

information, it asks affiliates to "Commit to send out 50 or more letters every week. You want to target sale dates at least 3 or more weeks out if you're going to go after clients outside of your state." Defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," RAFIQ BASHIR,** and **AMAL MAHEPAUL BALMACOON, a/k/a "Martin,"** provided draft mailings that affiliates were encouraged to personalize, including through use of the affiliates' own related businesses.

25. It was further part of the conspiracy that after being recruited by defendants **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS a/k/a "Marie Hightower," RAFIQ BASHIR, AMAL MAHEPAUL BALMACOON, a/k/a "Martin," MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF CORP.**, affiliates began identifying vulnerable, financially distressed, and desperate homeowners who had recently received notice of foreclosure on their home using online databases and court records consistent with the strategies and techniques that they had learned from **BOLDEN PINNACLE GROUP CORP.** and **MVP HOME SOLUTIONS, LLC**.

26. Specifically, it was further part of the conspiracy, that **BUCKNER** and **HARVEY** became affiliates of **MVP HOME SOLUTIONS, LLC** and **BOLDEN PINNACLE GROUP CORP.** and working together with **STEVENSON** and in consultation with **BYRD** expanded the fraudulent scheme by targeting homeowners in the Southern District of Ohio and elsewhere.

27. For example, as part of and in furtherance of the conspiracy, defendants **LORIN KAY**

**BUCKNER, JOEL HARVEY,** and **GARRETT STEVENSON**, using registered entities including Equity Max Network, Home Rescue Team (a/k/a HRT Consulting), Phoenix Consultants (a/k/a Phoenix Consulting), Preferred Home Solutions NM LLC, mailed over 22,000 postcards in the Southern District of Ohio and elsewhere offering their services to vulnerable and desperate homeowners who recently received notice of foreclosure on their homes promising that they could "stop foreclosure" or "stop the sheriff sale" for a fixed fee. In fact, **BUCKNER, HARVEY**, and **STEVENSON** charged fees in excess of the amount advertised. It was further part of the conspiracy that the mailings would falsely create a sense of urgency by stating that the postcard was homeowners' "third notice" or "final notice" even though it was the first mailing that had been sent and directing homeowners to call "ASAP" "if [they] want[ed] to keep [their] home."

28. It was further part of the conspiracy that after distressed homeowners responded to solicitations, defendants **LORIN KAY BUCKNER, DAMIEN BYRD, JOEL HARVEY,** and **GARRETT STEVENSON** promised vulnerable and desperate homeowners that in exchange for fees paid or "donations" made to them, that homeowners would be able to stay in their homes without making mortgage payments and would be able to have their mortgage obligations reduced or eliminated altogether. After obtaining payments from the homeowners for some period of time, **BUCKNER** and **HARVEY** routinely referred clients to "programs" offered by **MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.**, and **SILVERSTEIN & WOLF CORP**. Clients were directed to make further payments to **MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.**, and **SILVERSTEIN & WOLF CORP.** so that **BUCKNER** and **HARVEY** would earn referral commissions.

29. Specifically, **BUCKNER** and **HARVEY** referred homeowners to programs promoted by defendants **MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, RAFIQ BASHIR** and **MVP HOME SOLUTIONS, LLC** with the stated purpose of assisting homeowners who were behind on their mortgages and near foreclosure, including the "Stay in Your Home" program; the "Walk Away Free & Clear" program (often referred to collectively as "Stay in or Walk Away"); and the "Stop the Sale Date" program. The "Stay in Your Home" program promised to negotiate on the homeowners' behalf with their mortgage lenders for the purchase of the mortgage notes at a discount. The "Walk Away Free & Clear" program promised to negotiate the sale of their home and release of their mortgage loans through a short sale and/or deed in lieu of foreclosure sale. The "Stop the Sale Date" program promised to stop an imminent foreclosure sale. These programs were fraudulent. The defendants performed virtually no negotiations on behalf of the homeowners with the homeowners' lenders, and never successfully purchased a mortgage note or successfully provided homeowners with a new, lower-cost mortgage.

30. Similarly, **BUCKNER** and **HARVEY** referred homeowners to programs promoted by defendants **AMAL MAHEPAUL BALMACOON, a/k/a "MARTIN," JOHN NELSON, DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, RAFIQ BASHIR, BOLDEN PINNACLE GROUP CORP.** and **SILVERSTEIN & WOLF CORP.**, including: the Foreclosure Assistance Program or DNPP - Defaulted Note Purchasing Program which advertised putting homeowners in a position in which they receive a new mortgage note at 80% of what it was previously; the Loan Eradication

Program, promising to remove the mortgage lien via a tender offer; and the SSP – Short Sale Program, which advertised achieving short sale prices averaged at 30% to 35% of the value of the outstanding lien/note.  These programs were fraudulent.  In reality, at the time of the referrals, defendants **AMAL MAHEPAUL BALMACOON, a/k/a "MARTIN," JOHN NELSON, DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, RAFIQ BASHIR** and **BOLDEN PINNACLE GROUP CORP.**, had never successfully purchased a mortgage note, removed a mortgage lien, or performed short sales as advertised.

31. It was further part of the conspiracy that that defendants contacted or caused others to contact distressed homeowners using direct mailings and electronic media, including craigslist ads, websites, emails, and social media platforms, and make false and misleading statements about the success of their programs in helping distressed homeowners.

32. As part of and in furtherance of the conspiracy, in their marketing materials defendants, **DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," RAFIQ BASHIR, AMAL MAHEPAUL BALMACOON, a/k/a "Martin," MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.**, and **SILVERSTEIN & WOLF CORP.** made material false and fraudulent statements about the businesses and their services.

33. Specifically, the defendants falsely represented that **MVP HOME SOLUTIONS, LLC, BOLDEN PINNACLE GROUP CORP.**, and **SILVERSTEIN & WOLF CORP.** were successful businesses with a long record of accomplishment of assisting consumers and making real estate investments.

34. For example, in its brochure "Bolden Pinnacle Group Services and Fees," **BOLDEN PINNACLE GROUP CORP.** falsely states regarding its short sale program, "Thus far we've been able to achieve short sale prices averaged at 30% to 35% of the value of the outstanding lien/note. For example if the defaulted lien/note is $200,000, we've been able to get prices at around $60,000 to $65,000." In reality, no short sales had been successfully negotiated by **BOLDEN PINNACLE GROUP CORP**.

35. In its brochure "Nationwide Foreclosure Program (STSS) Borrowers Strategy Against Illegal Foreclosure," dated 6/3/2014, **MVP HOME SOLUTIONS, LLC,** falsely states that "[t]hrough various methods specific to your situation we can possibly postpone your sale for up to 40 months. We do this without filing bankruptcy and without expensive attorneys." In reality, **JOHN NELSON, AMAL MAHEPAUL BALMACOON, a/k/a "Martin,"** and **SILVERSTEIN & WOLF CORP.** routinely filed bankruptcy on behalf of homeowners enrolled in **MVP HOME SOLUTIONS, LLC** programs, often unbeknownst to the homeowners.

36. In addition, the defendants falsely represented that the defendants were able, or had investors that were able, to purchase the homeowners' loans from their present lender at a greatly reduced price. For example, in its power point presentation "Stay in or Walk Away for Clients" **MVP HOME SOLUTIONS, LLC** states "If a home is going into foreclosure, or a short sale, we will use our legal team to acquire the home before it becomes a bank owned property. Once we acquire the home, the homeowner is given the option of keeping and staying in their home with a reduced mortgage payment by up to 50%. The homeowner will then be given a new 30 year mortgage after closing at 90% market value." In reality, **MVP HOME SOLUTIONS, LLC** had not purchased any notes or successfully negotiated

any loan modifications.

37. It was further part of the conspiracy that when enrolling in a program with **MVP HOME SOLUTIONS, LLC** homeowners were told that that they had qualified for a new "mortgage." The defendants concealed from homeowners that **MVP HOME SOLUTIONS, LLC** had no legal right or legal authority to create this new "mortgage" while the home was still held as loan collateral by the present lender.

38. As part of and in furtherance of the conspiracy, the defendants represented that they had "proprietary" methods or "legal tactics" to help homeowners stall or completely avoid foreclosure. In reality, the defendants persuaded homeowners facing foreclosure to allow defendants to file chapter 13 bankruptcies on the homeowners' behalf, purportedly in order allow the defendants time to eliminate, renegotiate, or purchase their mortgage. In actuality, the purpose of the bankruptcy filing was to manipulate the automatic stay provisions of the Bankruptcy Code in order to hinder, delay, and obstruct lawful foreclosure actions, while falsely promising and giving the appearance that the defendants' efforts would keep the distressed homeowners from losing their homes. As a result, any relief from the delay was temporary until the bankruptcy court dismissed the proceeding.

39. In furtherance of the conspiracy, the defendants filed skeletal bankruptcy petitions, which **LORIN KAY BUCKNER, DAMIEN BYRD, JOEL HARVEY,** and **GARRETT STEVENSON**, routinely referred to as the "pump fake," listing only the mortgages of the homeowners, and containing material omissions. Specifically, it was part of the conspiracy that the defendants intentionally failed to disclose on the homeowners' petitions, as required, their role as non-attorney petition preparers, and instead falsely claimed in the petitions that the petitions were being filed by the homeowners pro se.

14

40. It was further part of the conspiracy that in several cases, when a bankruptcy petition would be dismissed for failure to file the required schedules, the defendants, filed and caused to be filed subsequent bankruptcies for homeowners, which also were skeletal filings, again for the sole purpose of improperly using the United States bankruptcy laws to obtain relief from imminent foreclosure while continuing to obtain money from the distressed homeowners. In some cases, this led to homeowners being barred from filing subsequent bankruptcy petitions.

41. It was further part of the conspiracy that the defendants would advise homeowners to ignore notices and correspondence from the Bankruptcy Court and Office of the United States Trustee about their filings and avoid attending bankruptcy court proceedings or revealing the defendants' role in the filings.

42. It was further part of the conspiracy that in some cases, the defendants failed to advise homeowners that defendants were filing bankruptcy on their behalf.

43. For example, as part of **SILVERSTEIN & WOLF CORP.'s** contract with **MVP HOME SOLUTIONS, LLC** in 2014, **JOHN NELSON** prepared and filed skeletal petitions for thirty homeowners, including four homeowners residing in the Southern District of Ohio, in the United States Bankruptcy Court for the Eastern District of New York without their knowledge.

44. It was further part of the conspiracy that the defendants would falsely claim to be attorneys or working with attorneys or their "legal team" in order to lull victims and bolster the credibility of the scheme.

45. It was further part of the conspiracy that in many cases, in order to keep the scheme going and conceal its true nature, the defendants filed, mailed, and submitted false claims and

other process that lacked legal basis or validity, but was designed to appear as though defendants were working to fulfill their promise to discharge or reduce the homeowners' mortgage debt.  In doing so, the defendants sought to obtain as much money as possible from distressed homeowners for as long as possible.

46. For example, the defendants arranged for homeowners to quitclaim their mortgage deed to trusts that they created, falsely representing to homeowners that this would eliminate the homeowners' underlying mortgage or put them in a better position to negotiate with their lenders.

47. For at least one client in the Southern District of Ohio, defendants **LORIN KAY BUCKNER** and **DAMIEN BYRD** sent a false and fictitious check, representing and purporting to be actual securities and other financial instruments as purported satisfaction of the mortgage note.

48. It was further part of the conspiracy that the defendants fraudulently converted funds for their own benefit that could have been applied to the distressed homeowners' mortgages, resulting in homeowners falling further behind on their mortgage payments while not receiving any meaningful assistance.  Defendants used the money received by homeowner victims, in Ponzi-like fashion, to pay others known and unknown to the Grand Jury and personally enrich themselves.

**All in violation of 18 U.S.C. § 1349.**

### COUNTS 2-5
### (Mail Fraud)

49. Paragraphs 1 through 48 of the Indictment are realleged as if fully restated herein.

50. From January 2013, and continuing through at least 2018 in the Southern District of Ohio and elsewhere, the defendants identified below devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described above, and for the purposes of executing and attempting to execute such scheme and artifice to defraud, on the dates listed below, did knowingly mail or caused another to use mail in furtherance of the scheme the following, each of which constitutes a separate count of this Indictment:

| Count | Defendant(s) | Date, on or about | Mailing |
|-------|--------------|-------------------|---------|
| 2 | **SEALY, SLAUGHTER, MULLINGS, STEPHEN-MULLINGS, BASHIR, MVP HOME SOLUTIONS, SILVERSTEIN & WOLF** | 7/14/2014 | Mailing sent by MVP Home Solutions LLC to RW, Columbus OH, using certified mail number 7013 2630 0001 7243 2908. |
| 3 | **BUCKNER, HARVEY, STEVENSON** | 8/8/2016 | "Pump Fake with Price" postcard mailed to AK, stating, "WE Can Stop the Sheriff Sale TODAY!!! I'm hoping this card catches you in time (before 8/4/2016). I've tried for hours to find your number using the Internet, but I was unable to :-( We have a 100% success rate of Stopping the Sheriff Sale…We can hold off the sale an Average of 4-6 months and sometimes even longer. Allowing you to still live in the house without making a payment. This is very inexpensive, much cheaper than moving or finding a place to rent. Only $495 (But we MUST hurry we are running out of time) Please don't let the Bank take your house and throw you in the street." |

| Count | Defendant(s) | Date, on or about | Mailing |
|---|---|---|---|
| 4 | **BUCKNER, SEALY, NELSON, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 7/21/2017 | $500 postal money order mailed by DM, Trenton, OH by USPS tracking #9505 5141 6637 7202 0627 00, to Home Advisor[sic] Service Group, 170 Vernon Ave, Brooklyn, NY 11206. |
| 5 | **BUCKNER, BYRD** | 10/8/2015 | Mailing sent by certified mail number 7014 2120 0003 2767 3528 to Select Portfolio Servicing, Inc., a loan servicing company, including a $455,859.94 check ostensibly drawn on **BYRD's** Wells Fargo account to Select Portfolio Servicing, Inc. marked "EFT ONLY DISCHARGE OF DEBT" from "CERTIFIED FUNDS #RA 991738495US," an invalid account, and a Notary's Certificate of Services dated October 8, 2015, purporting to contain the signature of RS, a client for whom **BUCKNER** had performed bankruptcy petition preparation services. |

**All in violation of 18 U.S.C. §§ 2; 1341.**

### COUNTS 6-12
### (Wire Fraud)

51. Paragraphs 1 through 48 of the Indictment are realleged as if fully restated herein.

52. From January 2013, and continuing through at least 2018 in the Southern District of Ohio and elsewhere, the defendants identified below devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described above, and for the purposes of executing and attempting to execute such scheme and artifice to defraud, on the dates listed below, did knowingly transmit or cause to be transmitted by

means of wire communications in interstate commerce the signals and sounds, the

following, each of which constitutes a separate count of this Indictment:

| Count | Defendant(s) | Date, on or about | Wire |
|---|---|---|---|
| 6 | **BUCKNER, HARVEY** | 5/21/2013 | Email from **HARVEY** to **BUCKNER** and others known and unknown to the Grand Jury stating, "Here are the docs for the pump fake" and attaching paperwork from the bankruptcy court, including a blank Voluntary Petition. |
| 7 | **BUCKNER, HARVEY** | 8/26/2013 | Email from **BUCKNER** to CD carbon copying **HARVEY** and others responding "If you did not want to pay me you could have just said that. As far as some dumb attorney goes what he says means nothing to me you are one ungrateful person  Bye good luck." |
| 8 | **MULLINGS, STEPHEN-MULLINGS, BASHIR, BUCKNER, HARVEY, SLAUGHTER, BASHIR, SEALY, MVP HOME SOLUTIONS** | 6/27/2014 | Email to PH carbon copying **BASHIR** and **HARVEY** stating "Greetings, The client has been **approved for $970 monthly mortgage**.  Please see the attached documents:  -LOI for our Stay in or Walk away program. **Sign, scan and email it back to us**  -**Congratulation Letter**, please review and retain for your records." |
| 9 | **BUCKNER, HARVEY** | 10/29/2016 | Email from **BUCKNER** to NB attaching a draft affidavit of interest stating, "…This process will take about 30 days, to kill this thing or get awful close to killing this mortgage. It will be out of foreclosure. I using the same process on my house this will cost 700 down and we can work on the rest depending on what the Bank want to do, either a principal reduction of about 50 to 70% or they will just walk away. the more they owe us the quicker we get movement. We have use this about 20 times and have 100% success rate! this is what I have been working on all these Months." |

| 10 | **BUCKNER, BYRD** | 7/11/2017 | Email from **BUCKNER** to **BYRD** asking "Damien how do you remove the BK off a credit report if they did not go all the way thru it . Just a pump fake? Can you send me the document? How are things going with your other court cases." |
| 11 | **BUCKNER, HARVEY, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 5/9/2017 | $600 wire transfer from GB's account at Kemba Credit Union in West Chester, OH to TD Bank, Howard Beach, NY, Routing Number 026013673; Account number 4336747055. |
| 12 | **BUCKNER, BALMACOON, SEALY, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 5/5/2017 | Email from **SEALY** to DM including the attachment "LEP-Step by Step process.pdf." |

**All in violation of 18 U.S.C. §§ 2; 1343.**

### COUNTS 13-24
### (Bankruptcy Fraud)

53. Paragraphs 1 through 48 of the Indictment are realleged as if fully restated herein.

54. From January 2013, and continuing through at least 2018 in the Southern District of Ohio and elsewhere, the defendants identified below devised and intended to devise a scheme and artifice to defraud, which scheme is described above, and for the purposes of executing and attempting to execute such scheme and artifice to defraud, filed or caused to be filed in furtherance of the scheme fraudulent voluntary bankruptcy petitions and fraudulent schedules in relation to such petitions under Title 11, including the following, each of which constitutes a separate count of this Indictment:

| Count | Defendant(s) | Date, on or about | Bankruptcy Filing |
|---|---|---|---|
| 13 | **SEALY, SLAUGHTER, MULLINGS, STEPHEN-MULLINGS, BALMACOON, NELSON, BASHIR, MVP HOME SOLUTIONS, SILVERSTEIN &WOLF** | 3/27/2014 | Voluntary Bankruptcy Petition in the name of RW, resident of Columbus, Ohio, bearing case number 14-41448 (filed in the U.S. Bankruptcy Court for the Eastern District of New York). |
| 14 | **SEALY, SLAUGHTER, MULLINGS, STEPHEN-MULLINGS, BALMACOON, NELSON, BASHIR, MVP HOME SOLUTIONS, SILVERSTEIN &WOLF** | 3/20/2014 | Voluntary Bankruptcy Petition in the name of GR, resident of Dayton, Ohio, bearing case number 14-41292 (filed in the U.S. Bankruptcy Court for the Eastern District of New York). |
| 15 | **SEALY, SLAUGHTER, MULLINGS, STEPHEN-MULLINGS, BALMACOON, NELSON, BASHIR, MVP HOME SOLUTIONS, SILVERSTEIN &WOLF** | 8/1/2014 | Voluntary Bankruptcy Petition in the name of GW, bearing case number 14-55467 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 16 | **BUCKNER, HARVEY, STEVENSON** | 9/8/2016 | Voluntary Bankruptcy Petition in the name of AK, bearing case number 16-32847 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 17 | **BUCKNER, HARVEY, STEVENSON** | 1/10/2017 | Voluntary Bankruptcy Petition in the name of AK, bearing case number 17-30060 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 18 | **BUCKNER, HARVEY, STEVENSON, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 5/1/2017 | Voluntary Bankruptcy Petition in the name of AK, bearing case number 17-31417 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |

| Count | Defendant(s) | Date, on or about | Bankruptcy Filing |
|---|---|---|---|
| 19 | **BUCKNER, HARVEY, STEVENSON** | 1/17/2017 | Voluntary Bankruptcy Petition in the name of BW, bearing case number 17-10138 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 20 | **BUCKNER, HARVEY, STEVENSON** | 12/14/2016 | Voluntary Bankruptcy Petition in the name of IE, bearing case number 16-14632 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 21 | **BUCKNER, HARVEY, STEVENSON** | 4/12/2017 | Voluntary Bankruptcy Petition in the name of IE, bearing case number 17-11318 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 22 | **SEALY, BUCKNER, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN & WOLF** | 6/17/2017 | Voluntary Bankruptcy Petition in the name of DM, bearing case number 17-12097 (filed in the U.S. Bankruptcy Court for the Southern District of Ohio). |
| 23 | **SEALY, BUCKNER, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 3/23/2017 | Voluntary Bankruptcy Petition in the name of DR, resident of Cincinnati, OH bearing case number 17-55317 (filed in the U.S. Bankruptcy Court for the Northern District of Georgia). |
| 24 | **SEALY, BUCKNER, BALMACOON, BOLDEN PINNACLE, SILVERSTEIN &WOLF** | 7/6/2017 | Voluntary Bankruptcy Petition in the name of DR, resident of Cincinnati, OH bearing case number 17-23712 (filed in the U.S. Bankruptcy Court for the District of New Jersey). |

**All in violation of 18 U.S.C. §§ 2, 157.**

**COUNT 25**
**(Bank Fraud)**

55. On or about  October 27, 2015, in the Southern District of Ohio and elsewhere, defendants,

**LORIN KAY BUCKNER** and **DAMIEN BYRD**, did knowingly and intentionally

execute and attempt to execute a scheme and artifice to defraud JP Morgan Chase Bank, a

financial institution whose deposits are insured by the Federal Deposit Insurance

Corporation, to obtain monies, funds, credits, assets, securities and other property owned by, and under the custody and control of JP Morgan Chase Bank, by means of false and fraudulent pretenses, representations, and promises, to wit, **LORIN KAY BUCKNER** and **DAMIEN BYRD** did send a $396,011.13 check ostensibly drawn on **BYRD**'s Wells Fargo account, but marked "EFT ONLY DISCHARGE OF DEBT" from "CERTIFIED FUNDS #RA 991738518US," an invalid account, to JP Morgan Chase Bank in an effort to fraudulently satisfy the mortgage on **BUCKNER**'s home in Hamilton, Ohio.

**In violation of 18 U.S.C. § 1344.**

**COUNT 26**
**(Aggravated Identity Theft)**

56. On or about October 8, 2015, in the Southern District of Ohio and elsewhere, defendants, **LORIN KAY BUCKNER** and **DAMIEN BYRD**, did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, that is the name, signature, and loan account number of RS, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit Mail Fraud in violation of 18 U.S.C. § 1341 knowing that the means of identification belonged to another actual person.

**In violation of 18 U.S.C. § 1028A.**

**FORFEITURE ALLEGATION 1**

Upon conviction of one or more offenses set forth in Counts 1 through 12 of this Indictment, the defendants, **LORIN KAY BUCKNER, JOEL HARVEY, GARRETT STEVENSON, DAMIEN BYRD, DESSALINES SEALY, a/k/a "Dess," STACY KAY SLAUGHTER, MARCUS A. MULLINGS, JR., TALIA MARIE STEPHEN-MULLINGS, a/k/a "Marie Hightower," AMAL MAHEPAUL BALMACOON, a/k/a "Martin," JOHN**

**NELSON, RAFIQ BASHIR, MVP HOME SOLUTIONS, LLC, a/k/a "Stay In or Walk Away," BOLDEN PINNACLE GROUP CORP., a/k/a "Home Advisory Services Network" a/k/a "Home Advisory Services Group Inc.,"** and **SILVERSTEIN & WOLF CORP.**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s), including but not limited to, a sum of money equal to the amount of proceeds the defendants obtained as a result of the offense(s).

## FORFEITURE ALLEGATION 2

Upon conviction of the offense set forth in Count 25 of this Indictment, defendants, **LORIN KAY BUCKNER** and **DAMIEN BYRD**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, including but not limited to, a sum of money equal to the amount of proceeds the defendants obtained as a result of the offense.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C.

§ 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).


**A TRUE BILL.**

_____

**FOREPERSON**


**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

_____

**EBUNOLUWA A. TAIWO**
**Assistant United States Attorney**